UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-10695-FLA (RAOx) | Date | February 8, 2021 |
|---|---|---|---|
| Title | Dr. Joseph J. Jablonski, Jr. v. Claremont Graduate University, et al. | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA, UNITED STATES DISTRICT JUDGE |
|---|---|

| V.R. Vallery | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER ON PLAINTIFF'S MOTION TO REMAND

### I. Background

Dr. Joseph J. Jablonski, Jr. ("Plaintiff") filed this action in the Los Angeles Superior Court ("LASC") on July 31, 2020. Dkt. 1-2 at 44. The Complaint alleged Claremont Graduate University, Michael Uhlmann, Jean Schroedel, and Heather Campbell (collectively, "Defendants") violated state and federal laws, including Title VII of the Civil Rights Act of 1964 and the Genetic Information Nondiscrimination Act of 2008, by discriminating against Plaintiff, a bisexual man who is HIV-positive. Dkt. 1-2 at 4, 6. Defendants were served the Complaint and Summons on October 23, 2020. Dkt. 1 at 2.

On November 23, 2020, Defendants filed a notice of removal, asserting federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367. Dkt. 1 at 3-4. Defendants filed a Motion to Dismiss on December 14, 2020, arguing Plaintiff failed to allege sufficient facts to support his claims and that several claims were barred by the applicable statutes of limitations. Dkt. 10. Plaintiff filed a First Amended Complaint ("FAC") on January 4, 2021, omitting all federal law claims.[1]

---

[1] The FAC alleges seven claims for: (1) sexual orientation discrimination in violation of California's Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code §§ 12900 et seq.); (2) failure to prevent discrimination in violation of FEHA; (3) fraudulent/intentional misrepresentation; (4) intentional infliction of emotional distress; (5) negligent infliction of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10695-FLA (RAOx) | Date | February 8, 2021 |
| Title | Dr. Joseph J. Jablonski, Jr. v. Claremont Graduate University, et al. | | |

Dkt. 13 at 1.  Plaintiff filed the subject Motion to Remand this action to the LASC on January 21, 2021, arguing all bases for subject matter jurisdiction were lost upon filing of the FAC and requesting an award of attorney's fees.  Mot. at 3-5.  Defendants have not filed a timely opposition to Plaintiff's Motion to Remand.

The court finds this matter appropriate for resolution without oral argument and vacates the hearing set for February 19, 2021.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.

II.   Discussion

   A.   Motion to Remand

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  "Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed."  *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 871 (9th Cir. 2004).  "When removal is proper at that time, subsequent events, at least those that do not destroy original subject matter jurisdiction, do not require remand."  *Id.*  Although remand is not required once federal claims that were the basis for a district court's original jurisdiction have been dropped from a lawsuit, the district court has discretion to remand if it "will best accommodate the values of economy, convenience, fairness, and comity."  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), *superseded on other grounds by* 28 U.S.C. § 1447(c), *as recognized in Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 8 (2d Cir. 2019)).  Generally, when all federal claims are dismissed in a lawsuit's early stages and only state law claims remain, the court should decline to exercise jurisdiction over the remaining state law claims.  *Cohill*, 484 U.S. at 350; *Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim.").

Here, Plaintiff omitted the federal claims from the FAC, and there is no other basis for subject matter jurisdiction.[2]  Since the case is at the pleading stage, remand would not adversely affect the interests of judicial economy.  The remaining seven claims assert

---

emotional distress; (6) defamation per se; and (7) intentional interference of prospective business relations.  FAC ¶¶ 238-80.

[2] Plaintiff cannot establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the named parties are not diverse.  FAC ¶¶ 1-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10695-FLA (RAOx) | Date | February 8, 2021 |
| Title | Dr. Joseph J. Jablonski, Jr. v. Claremont Graduate University, et al. | | |

violations of California statutes and common law and are best resolved in state court. See *Cohill*, 484 U.S. at 350. Accordingly, the court GRANTS Plaintiff's motion and REMANDS the action to the Los Angeles Superior Court.

### B. Request for Attorney's Fees

Absent unusual circumstances, attorney's fees may only be awarded under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In the Motion to Dismiss, Defendants argued that though the parties had entered into a tolling agreement, the agreement did not apply to Plaintiff's federal claims, and thus those claims were time barred. Dkt. 10 at 17 n.1. Plaintiff argues that if Defendants' "assertions were true, then [their] motion for removal had no legal basis," and Defendants should have filed the Motion to Dismiss in the state court. Mot. at 4. Plaintiff states "it was [his] understanding that all his claims were covered by the tolling agreement," but he nevertheless agreed to drop the federal claims and file the FAC after conferring with Defendants. Mot. at 3. In essence, Plaintiff contends he is entitled to attorney's fees because Defendants should have known their argument regarding the scope of the tolling agreement would prevail and bar Plaintiff's federal claims.

Plaintiff's reliance on hindsight to justify his claim for attorney's fees fails. The removal was not objectively unreasonable because the operative complaint contained two federal causes of action. Defendants, therefore, were entitled to seek removal. See 28 U.S.C. §§ 1331, 1441(a). Indeed, even after Plaintiff filed the FAC, the court could have exercised its discretion to retain jurisdiction over the remaining state law claims. See *Harrell*, 934 F.2d at 205. For the same reasons, Defendants' removal was not frivolous or in bad faith under Fed. R. Civ. P. 11(b). Accordingly, Plaintiff's request for attorney's fees is DENIED.

### III. Conclusion

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's request for attorney's fees. The court REMANDS this action to the Los Angeles Superior Court for further proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-10695-FLA (RAOx) | Date | February 8, 2021 |
|---|---|---|---|
| Title | Dr. Joseph J. Jablonski, Jr. v. Claremont Graduate University, et al. | | |

**IT IS SO ORDERED.**

                                                                                                                                                                                                                                                     _____ : _____

Initials of Preparer      vrv